IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC NARANJO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-7383 |
| | : | |
| BRIAN COLEMAN, et al. | : | |

## ORDER

AND NOW, this 30th day of March, 2015, upon careful and independent consideration of Petitioner Isaac Naranjo's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, it is ORDERED:

1. The Report and Recommendation (Document 13) is APPROVED and ADOPTED;

2. The Petition for a Writ of Habeas Corpus (Document 1) is DISMISSED without prejudice;[1]

---

[1] The Court agrees with the Magistrate Judge's Report and Recommendation that Petitioner Isaac Naranjo's habeas petition is premature and writes separately to supplement the Magistrate Judge's analysis.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). This rule of comity is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 519 (1982). While Naranjo may have exhausted all the remedies on the claims presented in the § 2254 petition before the Court, he continues to pursue appeals in state court related to his resentencing. If the Court were to proceed with the current petition, Naranjo "risks subjecting later petitions that raise new claims to rigorous procedural obstacles." *Burton v. Stewart*, 549 U.S. 147, 154 (2007). In *Burton*, a habeas petitioner with unexhausted claims regarding his resentencing chose to proceed to adjudication of his exhausted claims while state review of his resentencing was still pending. Several years later, he filed a second habeas petition solely challenging his now-exhausted resentencing claims. *Id*. at 151-52. The Supreme Court held the second petition was barred as second or successive. *Id*. at 154. Otherwise, prisoners could "file separate habeas petitions in the not uncommon situation where a conviction is upheld but a sentence is reversed," a result "inconsistent with both the exhaustion requirement, with its purpose of reducing

3.  Petitioner's Motion to Respond to Court Order of July 31, 2014 (Document 15) and Motion for Leave to File Amended Motion to Respond to Court Order of July 31, 2014 (Document 16) are GRANTED, and the objections contained therein are OVERRULED;[2]

4.  Petitioner's Motion for the Philadelphia District Attorney and the Court of Common Pleas Violation of Local Civil Rule 72.1IV(b) (Document 17) is DENIED;[3]

---

piecemeal litigation, and AEDPA, with its goal of streamlining federal habeas proceedings." *Id.* (internal citations and quotation marks omitted). The Court therefore dismisses the petition without prejudice to reassertion once Naranjo completes any appeals pursuant to his resentencing.

The Court also agrees with the Magistrate Judge that placing Naranjo's petition in abeyance is unnecessary. Under AEDPA, "judgment bec[o]mes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because "final judgment in a criminal case means sentence," the limitations period here will not begin until Naranjo's conviction *and* sentence becomes final. *Burton*, 549 U.S. at 156-57. Because Naranjo is still in the process of appealing his resentencing in state court, his sentence is not yet final, and there is no risk of untimeliness. After the appeals process concludes, Naranjo may file a habeas petition encompassing his previously exhausted claims, as well as any newly exhausted sentencing claims in this Court if necessary.

[2] On August 11, 2014, Naranjo filed a Motion to Respond to Judge Caracappa's Report and Recommendation. Three days later, on August 14, he filed a Motion for Leave to File Amended Motion to Respond. The Court construes both motions as objections to the Report and Recommendation and overrules Naranjo's objections. In his objections, Naranjo asserts the Magistrate Judge erred in recommending dismissal because he has already exhausted his state law remedies. He also argues his convictions for attempted murder, aggravated assault, simple assault, and criminal trespass were obtained in violation of the state and federal Constitutions. In addition, he argues the state courts erred by not granting post-conviction relief on all the grounds presented in his Pennsylvania Post Conviction Relief Act (PCRA) petition and only granting relief with regards to his sentence on one of the grounds presented. Finally, he requests the Court place his petition in abeyance until he has been resentenced.

To the extent Naranjo's objections address the exhaustion of his claims, the Court agrees he has exhausted his claims. Nevertheless, the Court dismisses his petition for the reasons stated above. To the extent Naranjo challenges his resentencing by the state trial court, he must first permit the state courts to adjudicate his claim. This Court notes it is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" not the state constitution. *Geschwendt v. Ryan*, 967 F.2d 877, 889 (3d Cir. 1992) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Finally, assuming Naranjo continues to request a stay even though he has been resentenced since filing his objections, the request is denied for the reasons stated above.

2

5. Petitioner's Motion for Leave to File an Amended Petition (Document 18) is DENIED without prejudice;

6. There is no probable cause to issue a certificate of appealability; and

7. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[3] Naranjo asks this Court to reverse his August 19, 2014, resentencing by the Court of Common Pleas, Philadelphia County. He asserts that because litigation was incomplete in this Court, the Court of Commons Pleas violated his procedural due process and equal protection rights, as well as Local Civil Rule 72.1IV(b), which permits any party to object to a magistrate judge's report and recommendation within fourteen days after issuance of the report. While a Court before which "a habeas corpus proceeding is pending[] may . . . stay any proceeding against the person detained in any State court[,] . . . if no stay is granted, any [state court] proceeding shall be as valid as if no habeas corpus proceedings . . . were pending." 28 U.S.C. § 2251(a)(1), (b); *see also Hill v. Sheets*, 409 F. App'x 821, 825 (6th Cir. 2010) (holding a petitioner's resentencing by a state court was not void under § 2251(a) when the federal court did not stay the state court's proceedings, but only its own judgment). The Court did not stay the state court proceedings while reviewing Naranjo's habeas petition, so his resentencing by the Court of Common Pleas was valid and not contrary to the Constitution or Local Rule 72.1IV(b).