IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ISAAC NARANJO : CIVIL ACTION
:
v. : No. 13-7383
:
BRIAN COLEMAN, et al. :

**<u>ORDER</u>**

AND NOW, this 14th day of February, 2019, upon careful consideration of pro se Petitioner Isaac Naranjo's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and after independent review of the August 10, 2017, Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa and Naranjo's objections thereto, it is ORDERED:

1. Naranjo's Motion for Leave to File Amended Objections to Claims Three, Four, Five, and Nine (Document 62) is GRANTED insofar as the Court will consider the arguments set forth in the amended objections and the Clerk of Court shall deem the amended objections filed;

2. Naranjo's Motion for Leave to File Amended Objections to Claims Three and Five (Document 64) is GRANTED insofar as the Court will consider the arguments set forth in the second amended objections and the Clerk of Court shall deem the amended objections filed;

3. Naranjo's objections (Documents 58, 62, and 64) are OVERRULED[1];

---

[1] In March 2003, following a jury trial, pro se Petitioner Issac Naranjo was convicted of various offenses stemming from an incident where he repeatedly stabbed his ex-girlfriend. In December 2013, Naranjo filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 challenging his conviction and sentence. The Court referred Naranjo's petition to United States Chief Magistrate Judge Linda K. Caracappa for a report and recommendation. The Report and Recommendation (the First R&R) recommended that the petition be dismissed without prejudice, finding it premature as Naranjo had not exhausted his state court remedies after the Pennsylvania Superior Court had vacated his sentence and remanded his case for resentencing. On March 30, 2015, the Court entered an Order adopting the First R&R, dismissing Naranjo's petition without prejudice, and denying a certificate of appealability.

In May 2015, Naranjo filed a notice of appeal and application for certificate of appealability in the Third Circuit Court of Appeals. The Third Circuit granted the certificate of appealability, finding Naranjo could proceed with two conviction-related claims that were exhausted, and subsequently vacated the dismissal of the petition and remanded the case back to this Court.

On April 25, 2016, The Court granted Naranjo leave to file an amended petition asserting newly exhausted claims related to his sentence (the Amended Petition). The Court then referred the case to Judge Caracappa for the preparation of a second report and recommendation. The second Report and Recommendation (the Second R&R) recommended dismissal of the Amended Petition without an evidentiary hearing because Naranjo's claims were correctly decided by the Pennsylvania Superior Court, and are non-cognizable on federal habeas review as state law claims, and procedurally defaulted. On September 14, 2017, Naranjo filed objections to the Second R&R's findings of fact and conclusions of law pursuant to 28 U.S.C. § 636(b)(1).

Since filing his initial objections, Naranjo has filed two additional motions seeking to amend certain portions of his initial objections. *See* Mot. for Leave to File Am. Objs. to Claims Three, Four, Five, and Nine [hereinafter Pet.'s First Am. Objs.]; Mot. for Leave to File Am. Objs. to Claims Three and Five [hereinafter Pet.'s Second Am. Objs.]. Although these amended objections were filed outside of the 14-day period for Naranjo to timely object to the Second R&R, *see* Local R. Civ. P. 72.1(IV)(a), the Court will nevertheless consider them, *see Perez-Barron v. United States*, No. 09-0173, 2010 WL 3338762, at *1 (W.D. Pa. Aug. 23, 2010) (considering objections to a report and recommendation even though they were untimely filed).

Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." In his lengthy objections, Naranjo objects to all of Judge Caracappa's findings in the Second R&R. *See* Pet.'s Objs. (objecting to all nine of Judge Caracappa's findings in eight objections). Thorough review of Naranjo's objections, however, demonstrates they are merely duplicative of the arguments he raised before Judge Caracappa. *Compare* Am. Pet., Mem. of law in Supp. of Pet., and Pet.'s Reply, *with* Pet.'s Objs., Pet's First Am. Objs., and Pet.'s Second Am. Objs. Upon de novo review of the record, and in light of the fact that Judge Caracappa has already considered and addressed the arguments set forth in the objections, Naranjo's objections are overruled for the reasons stated in the Second R&R. The Court will nevertheless briefly address Naranjo's new claim that Judge Caracappa exhibited bias toward him in the Second R&R.

Throughout his objections, Naranjo makes blanket assertions that Judge Caracappa is "clearly bias[ed] against [him]." Pet.'s Objs. 7, 38. Despite this contention, the Court finds nothing in the Second R&R suggesting that Judge Caracappa exhibited bias toward Naranjo. On the contrary, review of the Second R&R demonstrates that Judge Caracappa provided a detailed analysis of Naranjo's arguments, which were supported by relevant portions of the record. It appears to the Court that Naranjo's allegation of bias stems from Judge Caracappa's recommendation to deny Naranjo's habeas petition. As the Third Circuit has recognized, however, judicial rulings alone almost never constitute a valid basis for demonstrating bias, *see, e.g., Harriott v. City of Wilkes Barre*, 640 F. App'x 191, 194 (3d Cir. 2016) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)), and Naranjo has not provided additional allegations from which the Court could find bias. Accordingly, Judge Caracappa's Second R&R is approved and adopted, and Naranjo's Amended Petition is denied.

2. The August 10, 2017, Report and Recommendation (Document 50) is APPROVED and ADOPTED;

3. Naranjo's Amended Petition for Writ of Habeas Corpus (Document 29) is DENIED;

4. A certificate of appealability shall not issue, as Naranjo has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling, *see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000);

5. Naranjo's Motion to Appoint Counsel (Document 63) is DISMISSED as moot; and

6. Naranjo's Motion for Order to Compel an Officer of U.S. or Any Agency Thereof to Perform Their Duty (Document 66) is DISMISSED as moot.

        BY THE COURT:

        /s/ Juan R. Sánchez
        Juan R. Sánchez, C.J.